IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JOEL GONZALEZ LOPEZ, Individually And As Personal Representative of the Estate of Jose Alberto Gonzalez Rodriguez, DECEASED and PATRICIA GUADALUPE RODRIGUEZ, Individually<br>§§§§§§§§§<br>Plaintiffs § | |
| VS § | C.A. NO. 1:17-CV-00231 |
| §<br>WILLACY COUNTY, TEXAS and LARRY SPENCE, in his Individual And Official Capacity as Willacy County Sheriff,<br>Defendant § | |

**INDIVIDUAL DEFENDANT LARRY SPENCE'S RULE 12 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND ALTERNATIVELY, MOTION FOR JUDGMENT ON THE PLEADINGS**
================================================================

May It Please The Court:

   NOW COMES DEFENDANT LARRY SPENCE IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS WILLACY COUNTY SHERIFF, (hereafter "SHERIFF SPENCE") and files this Motion pursuant to Rules 12(b)(6) and alternatively Rule 12(c) and the controlling precedent set forth below.

   **NATURE & STATEMENT & RELEVANT PROCEDURAL HISTORY**

1.   Plaintiffs filed their Original Complaint on November 10, 2017, which is the live pleading in this case. *Dkt. 1*.

2.   Jose Alberto Gonzalez (hereafter "decedent") was a federal inmate who was housed in the Willacy County Jail by the United States Marshal Service while awaiting criminal court proceedings in federal court. *Dkt. 1 ¶ 3.11*. The complaint alleges that on 07/17/2015, the decedent plead guilty to a violation of Title 8 of the United States Code sections 1326(a) and 1326(b) however, his federal sentencing hearing was ultimately reset to 01/13/2016. *Dkt. 1 ¶ 3.12*. The

complaint further alleges that while in custody at the Willacy County Jail, on 01/01/2016, the decedent passed away from heart related complications to which the official cause of death was listed as myocarditis. *Dkt. 1 ¶ 3.35*. Plaintiffs plead that the decedents complications began earlier in the night and allege that the decedent was denied medical care. *Id. at ¶ 1*.

3. Plaintiffs in this lawsuit are Joel Gonzalez Lopez individually and as Personal Representative of the Estate of Jose Alberto Gonzalez ("Decedent"), and Patricia Guadalupe Rodriguez. Plaintiffs bring claims against Willacy County, Texas and Sheriff Larry Spence ("Sheriff Spence) individually and officially as Willacy County Sheriff, under 42 U.S.C. 1983 for alleged violations of civil rights pursuant to the Fifth, Eighth, and Fourteenth Amendments. *Dkt. 1 ¶ 1*.

4. All claims filed against Sheriff Spence must be dismissed as they are official capacity claims and therefore duplicative of the claims brought against the County. Alternatively, Sheriff Spence is entitled to qualified immunity as set forth below.

## MOTIONS FOR RULE 12 DISMISSAL STANDARD

5. Despite the length of Plaintiffs' Complaint, and factual detail, the instrument as a whole nevertheless does not properly state causes of action against the Sheriff. Sheriff Spence hereby requests that the Court dismiss Plaintiffs' complaint and the causes of action against him whether brought in his individual or official capacity pursuant to FRCP 12(b)(6) and/or Rule 12(C).

6. A motion to dismiss for failure to state a claim upon which relief can be granted tests the formal sufficiency of the statement of claim for relief in plaintiff's complaint. *Doe Hillsboro ISD*, 81 F.3d 1395, 1401 (5th Cir.1996). A motion to dismiss under FRCP 12(b)(6) is not appropriate unless the plaintiff's pleadings on their face show, beyond doubt, that the plaintiff cannot prove any set of facts that would entitle it to relief. *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 34 (1st Cir.2002); *Hickey v. O'Bannon*, 287 F.3d 656, 657 (7th Cir.2002). The issue is not whether the plaintiff will ultimately prevail but whether the Plaintiff can offer evidence to support its claims. *Doe*, 81 F.3d at 1401. Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993).

7.     Lastly, a motion for judgment on the pleadings under FRCP 12(c) is subject to the same standard as a motion to dismiss under FRCP 12(b)(6). *Ackerson v. Bean Dredging LLC,* 589 F3d 196, 209 (5th Cir. 2009). Under Rule 12(b)(6), the Court must "construe the plaintiff's complaints in the light most favorable to them, accepting all well-pleaded facts as true." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). In order to survive a Rule 12(c) or Rule 12(b)(6) Motion to Dismiss "the complaint must contain either direct allegations on every material point necessary to sustain a recovery . . .or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 420-21 (5th Cir. 2006). A statement of facts that merely creates a suspicion that the pleader might have a right of action is insufficient. *Id.* "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief," and the court is not required to "conjure up unpled allegations or construe elaborately arcane scripts" to save a complaint. *Id.*

8.     Both the factual and alleged legal assertions are insufficient for purposes of pleading requirements in a number of ways, as more fully pointed out below.

## ARGUMENT & AUTHORITIES

**A.     All Claims Made Against Defendant Sheriff Spence Are Official Capacity Claims And Should Therefore Be Dismissed. Alternatively, Defendant Sheriff Spence Is Entitled To Dismissal Based On Qualified Immunity.**

9.     Plaintiffs' attempt to sue Sheriff Spence in both his individual and official capacity as the Willacy County Sheriff. *Dkt. 1*. While Sheriff Spence is entitled to dismissal based on qualified immunity Plaintiffs fail to state a claim against him either in his official or individual capacity. Additionally, Plaintiffs' official capacity claims against Sheriff Spence must be dismissed as they are treated as claims against Willacy County and therefore duplicative.

10.     With respect to official capacity claims, it is well established law that a suit against a government official for actions taken under the color of law, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978); *also see Hafer v. Melo*, 502 U.S. 21, 25 (1991). "An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity. *Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009). "Thus, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity." *Id.*; *Kentucky v. Graham*, 473 U.S.

159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). The Fifth Circuit has held it appropriate to dismiss claims against officers in their official capacities when the "allegations duplicate claims against the respective governmental entities themselves." *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001).

11. First and foremost, Plaintiffs fail to identify which claims are brought against Sheriff Spence in his official capacity and which are brought against him in his individual capacity.[1] *Dkt. 1*. Even without the capacity labels, the facts and causes of action as pled by the Plaintiffs make it undeniably clear that Plaintiffs intend only to bring official capacity claims against Sheriff Spence. *Id*. Everywhere in the complaint Sheriff Spence is sued as an individual defendant he is being sued in his official capacity as the Willacy County Sheriff for actions and duties performed in that role. *Id*. Additionally, in every cause of action where the Sheriff is sued the County is a co-defendant and the allegations brought against both are interchangeable and duplicative. *Id. at ¶¶ 4.9-4.34*. Because all claims made against Sheriff Spence are official capacity only claims, they duplicate the claims made against the County Defendant and must therefore be dismissed with prejudice.

12. Alternatively, Sheriff Spence asserts his qualified immunity from suit and from liability from any and all of Plaintiffs claims. Sheriff Spence is the Willacy County Sheriff and was at all times operating within the scope of his employment and entitled to protection from suit under the doctrine of qualified immunity. "Texas law of official immunity is substantially the same as federal qualified immunity law." *Wren v. Towe*, 130 F.3d 1154, 1160 (5th Cir. 1997). Qualified immunity is "an immunity from suit rather than a mere defense to liability…it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511 (1985). In addressing the purpose behind the qualified immunity doctrine the Supreme Court has stated, "We have made clear that the driving force behind creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery," *Person v. Callahan*, 555 U.S. 223 (2009).

13. In determining whether a governmental official is entitled to qualified immunity protection the court uses a two-step process. "We determine whether the plaintiff has alleged the violation of a clearly established constitutional right. If so, we then decide if the defendant's conduct was objectively reasonable." *Nerren v. Livingston Police Dept.*, 86 F.3d 469, 473 (5th Cir. 1996). In

---

[1] Plaintiffs only reference "official capacity" or "individual capacity" three times in their lawsuit: the caption, introductory paragraph, and section entitled "parties." *Dkt. 1*.

order to determine whether this two-prong threshold has been met the Plaintiff must plead these facts in the complaint.

14. A Section 1983 complainant must support his claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. Specifically focusing on the conduct which caused his injury, Plaintiff must allege facts that, if proven, would show that a public official violated his statutory or constitutional rights. *Callis v. Sellars*, 931 F.Supp. 504, 517 (S.D. Tex. 1996). Furthermore, "[t]o state a cause of action under Section 1983, the Plaintiff must allege facts reflecting the *defendant's participation* in the alleged wrong, specifying the personal involvement of each Defendant." *Jolly v. Klein*, 923 F.Supp. 931, 943 (S.D. Tex. 1996) (*emphasis added*) (citing *Murphy v. Keller*, 950 F.2d 290, 292 (5th Cir. 1992)). The heightened pleading requirements are particularly important when the claims are directed against supervisory defendants or elected officials. Because vicarious liability does not apply in §1983 actions, Plaintiff must demonstrate facts that directly tie the individually named supervisory or elected defendants into the alleged constitutional violation. *See Thompkins vs. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).

15. There is no question from Plaintiffs' complaint that Sheriff Spence is entitled to qualified immunity. Plaintiffs futilely attempt to waive Sheriff Spence's qualified immunity through vicarious liability and the improper application of a negligence standard. *Id*. Specifically, Plaintiffs attempt to rewrite the definition of deliberate indifference by applying a negligence standard and stating that the Sheriff is deliberately indifferent because he "*must have drawn the inference* that a non-medically trained jailer would misdiagnose medical emergencies." *Id. at 4.14, and 4.40 (emphasis added)*.

16. Negligence however, does not constitute deliberate indifference. "Deliberate indifference is an extremely high standard to meet." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). A prison official displays deliberate indifference only if he (1) "knows that inmates face a substantial risk of serious bodily harm" and (2) "disregards that risk by failing to take reasonable measures to abate it." *Gobert*, 463 F.3d at 346 (quoting *Farmer*, 511 U.S. at 847, 114 S.Ct. 1970). Medical treatment that is merely unsuccessful or negligent does not constitute deliberate indifference, "nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006); *see also Farmer v. Brennan*, 511 U.S. 825, 844 (1994) ("[P]rison officials who actually knew of a

substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted."). Rather, an inmate "must show that the officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. *Arenas v. Calhoun*, No. 18-50194, 2019 WL 1870686, at *3 (5th Cir. Apr. 26, 2019).

17. Not only are the allegations against Sheriff Spence overwhelmingly vague and attenuated, Sheriff Spence had no personal involvement whatsoever with the incident that forms the basis of the Plaintiffs' complaint and Plaintiffs' own pleading confirms this. *Dkt. 1*. Plaintiffs specifically plead *twice* that Sheriff Spence was not involved with the death of the Plaintiff: "Although Sheriff Spence was not actually involved on the morning of the death at the jail…"; "The Supervisory Defendants (Willacy County and its Sheriff), while not personally engaged on the night of Mr. Gonzalez-Rodriguez's death…" *Dkt. 1 ¶¶ 4.12, and 4.38*. Additionally, the complaint alleges no facts whatsoever to show that Sheriff Spence had any personal knowledge of, involvement with, or interaction with the decedent prior to, during, or after his death. *Dkt. 1*. Finally, Plaintiffs' plead no facts that Sheriff Spence, had knowledge that the decedent had a heart condition or any other medical condition prior to his death. *Id*. Subjective awareness on the part of Sheriff Spence is a pleading requirement for individual liability against him. By their own admission, Plaintiffs cannot meet this requirement. *Dkt. 1 ¶¶ 4.12, and 4.38.*

18. Plaintiffs instead attempt to overstretch the subjective awareness requirement by alleging that the Sheriff wrote a policy that did not sufficiently provide for adequate medical care. *Dkt. 1*. Notwithstanding, Plaintiffs allege that the Sheriff wrote this policy "*Pursuant to his duty* under the Texas Local Government Code." *Id. at 3.5 (emphasis added)*. Taking Plaintiffs' pleading as true, if the Sheriff did in fact write the policy pursuant to his duty under the statute, any claim regarding that policy would be an official capacity claim and therefore duplicative of the 1983 claim against the County. In any case, Plaintiffs plead no facts to allege that Sheriff Spence wrote the policy with the subjective intent of denying inmates proper medical care and offer nothing more than speculatory conclusions and allegations of negligence to support the allegation that Sheriff Spence knew the policy was deficient in that regard.[2] *Id. at 3.5 (emphasis added)*. Alleging that "the

---

[2] While Plaintiffs make vague allegations as to other facilities that experienced riots, Plaintiffs admit in their own pleadings that the "facility was managed in a different way---by a private prison management entity." *Id. at § 4.17*.

Sheriff must have drawn the inference" is not sufficient to establish or even plead subjective awareness and therefore, Plaintiffs cannot show deliberate indifference.

19. For all of the aforementioned reasons, all claims made against Sheriff Spence individually are official capacity claims and should be dismissed against him for failure to state a claim. Alternatively, Sheriff Spence is clearly entitled to qualified immunity and as such, all of Plaintiffs' claims against him should be dismissed with prejudice for failure to state a claim.

## CONCLUSION & PRAYER

THEREFORE, based on any one or more of the foregoing reasons, DEFENDANT LARRY SPENCE IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS WILLACY COUNTY SHERIFF hereby request that the Court dismiss all of Plaintiffs' claims against Sheriff Spence for failure to state a viable claim for relief under FRCP 12(b)6; for judgment on the pleadings under FRCP 12(c).

Defendant Sheriff Spence further request such other and further relief to which they may show themselves to be justly entitled, at law and in equity.

SIGNED on the 21st day of May 2019.

---

The rest of Plaintiffs' complaint alleges random unexplained deaths occurring at these other facilities which were admittedly not even managed by Sheriff Spence. *Dkt. 1*. All of the allegations made as to other facilities are therefore clearly irrelevant to the instant case and cannot be considered with respect to addressing Sheriff Spence's assertion of qualified immunity.

Respectfully submitted,

By: *Ricardo J. Navarro*
RICARDO J. NAVARRO
Attorney In Charge
State Bar No. 14829100
So. District ID No. 5953
rjnavarro@rampage-rgv.com
**DENTON NAVARRO ROCHA BERNAL & ZECH**
**A Professional Corporation**
701 E. Harrison Ste 100
Harlingen, Texas 78550
956/421-4904
956/421-3621
**COUNSEL FOR DEFENDANTS WILLACY COUNTY, TEXAS AND LARRY SPENCE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS WILLACY COUNTY SHERIFF**

By: *John-Michael W. Hayward*
JOHN-MICHAEL W. HAYWARD
Associate Attorney
State Bar No. 24087693
So. District ID No. 2338770
jmhayward@rampage-rgv.com
**DENTON NAVARRO ROCHA BERNAL & ZECH**
**A Professional Corporation**
701 E. Harrison Ste 100
Harlingen, Texas 78550
956/421-4904
956/421-3621
**COUNSEL FOR DEFENDANTS WILLACY COUNTY, TEXAS AND LARRY SPENCE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS WILLACY COUNTY SHERIFF**

## CERTIFICATE OF SERVICE

    I certify that a true copy of this document has been served in accordance with one or more of the authorized methods for service of process contained in the Federal Rules of Civil Procedure on the persons or parties identified below on the on this the 21st day of May 2019.

Ed Stapleton                                        **Via E-Filing Method**
**STAPLETON & STAPLETON**
2401 Wildflower Dr., Ste. C
Brownsville, Texas 78526
Email: ed@ed-stapleton.com
**COUNSEL FOR PLAINTIFF**

Michael Gonzalez
Law Office of Michael Gonzalez
100 E. Van Buren St.
Brownsville, Texas 78520
Email: law@michaelgonzalezfirm.com
**COUNSEL FOR PLAINTIFF**

Ben R. Neece
Law Office of Ben R. Neece
100 E. Van Buren St.
Brownsville, Texas 78520
Email; ben@benneece.com
**COUNSEL FOR PLAINTIFF**

                                                  *John-Michael W. Hayward*
                                                  RICARDO J. NAVARRO
                                                  JOHN-MICHAEL W. HAYWARD